## STATE OF CONNECTICUT *v.* MARCOS C. DOUROS, JR.
## (AC 24964)

Bishop, McLachlan and Hennessy, Js.

Argued November 16, 2004—officially released January 25, 2005

*Adam A. Laben*, with whom, on the brief, was *Denise P. Ansell*, for the appellant (defendant).

*Ronald W. Crawley*, certified legal intern, with whom were *Nancy L. Chupak*, assistant state's attorney, and, on the brief, *Kevin T. Kane*, state's attorney, and *Michael E. Kennedy*, assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Marcos C. Douros, Jr., appeals from the judgment of conviction of criminal possession of a weapon in violation of General Statutes § 53a-217. On appeal, the defendant claims that the trial court improperly denied his motion to suppress evidence in violation of his state and federal constitutional rights against unreasonable searches and seizures. We remand the case for a determination of whether the denial of the motion to suppress was dispositive of the case.

The following facts and procedural history are relevant to our disposition of the defendant's appeal. By an information dated April 2, 2002, the defendant was charged with criminal possession of a weapon in violation of § 53a-217 and breach of the peace in the second

degree in violation of General Statutes § 53a-181. The charges stemmed from a police response to a call for assistance made by a relative of the defendant at the home in which he was living. In conjunction with their activities on arriving at the home and before the defendant had been apprehended, the police discovered and seized three weapons found in a room usually occupied by the defendant. Following his arrest, the defendant filed a motion to suppress the evidence seized during the search, alleging that the weapons had been discovered and taken in violation of his constitutional rights to be free from illegal searches and seizures. At the hearing on the motion to suppress, the court heard conflicting evidence centered on the questions of whether police officers had received consent to search the defendant's room and whether the person who allegedly gave consent had the authority to do so. Resolving those issues in favor of the police, the court found that valid consent had been given and denied the motion to suppress. Thereafter, on December 2, 2003, the defendant entered a conditional plea of nolo contendere to the weapons charge, and the state entered a nolle prosequi to the charge of breach of the peace in the second degree. In accepting the defendant's plea, the court did not make a determination that its prior ruling on the defendant's motion to suppress would be dispositive of the case.

General Statutes § 54-94a provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive

of the case. . . ." The record fails to reflect that the court made such a determination in this case.

As we stated in *State* v. *McGinnis*, 83 Conn. App. 700, 705, 851 A.2d 349 (2004), the statutory requirement that the court make a determination that the ruling on a motion to suppress or to dismiss would be dispositive of the case is a "matter of substance necessary to achieve the goals of the statute. The requirement therefore is mandatory." Because the record does not reflect that the court made such a determination, we remand the case pursuant to Practice Book § 60-2 (9) for the court to make the requisite determination under § 54-94a. This court retains jurisdiction over the case for the purpose of disposition of this appeal following the trial court's factual determination pursuant to § 54-94a.

The case is remanded for further proceedings to determine whether the denial of the motion to suppress was dispositive of the case.

In this opinion the other judges concurred.