MARCOS DOUROS *v.* COMMISSIONER OF
CORRECTION
(AC 28717)

Bishop, Harper and Beach, Js.

Submitted on briefs September 12—officially released December 9, 2008

*Emmet P. Hibson, Jr.,* special public defender, filed a brief for the appellant (petitioner).

*Michael L. Regan,* state's attorney, *James M. Ralls,* senior assistant state's attorney, and *Michael Kennedy,* assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Marcos Douros, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its

discretion in denying certification to appeal and improperly rejected his claim that his trial counsel provided ineffective assistance. We dismiss the petitioner's appeal.

Following an incident at the petitioner's residence in April, 2002, he was arrested and charged with criminal possession of a weapon and breach of the peace in the second degree. The petitioner filed a motion to suppress rifles and ammunition seized from his bedroom as the fruit of an illegal search by the police. Following a hearing on the motion to suppress, the court denied the motion. At the hearing, the court heard conflicting testimony concerning the search. The court found that the petitioner's mother, Felia Douros, had the authority to consent to the search and that she had, in fact, consented. Following the court's ruling, which the court determined to be dispositive of the case, the petitioner entered a conditional plea of nolo contendere to the charge of criminal possession of a weapon.[1] The court accepted the plea and sentenced the petitioner to serve a three year term of incarceration. Thereafter, the petitioner appealed to this court, which affirmed the judgment of conviction. *State* v. *Douros*, 90 Conn. App. 548, 878 A.2d 399, cert. denied, 276 Conn. 914, 888 A.2d 85 (2005).

In an amended petition for a writ of habeas corpus, the petitioner claimed that his trial counsel, Adam A. Laben, rendered ineffective assistance in his investigation and handling of the motion to suppress. At the hearing on the petition, the petitioner argued that Laben was deficient in that he did not investigate or present the testimony of the petitioner's sister, Vaso Williams, who was present at his residence at or about the time that the police conducted the search.[2] At the hearing, the

[1] The state entered a nolle prosequi on the breach of the peace charge.

[2] In his amended petition, the petitioner asserted additional grounds in support of his claim of ineffective representation. In its decision, the court observed that these other grounds "appear to have been abandoned" and

court heard testimony from Williams, the petitioner's mother, the petitioner and Laben. Laben testified that the petitioner unambiguously forbade him from contacting either the petitioner's brother or sister. Laben testified that he repeatedly told the petitioner that it was important, in terms of the motion to suppress, that he speak to the siblings, who were present at the residence at the time in question. Laben testified, however, that the petitioner expressed his strong beliefs that his siblings were to blame for his legal problems, that they would hurt his case and that they were not to be contacted by Laben. The petitioner denied that he told Laben any of these things.

In its ruling denying the petition for a writ of habeas corpus, the court found that Laben had testified credibly. Crediting as true Laben's version of the facts, the court concluded that the petitioner had not proven his allegation of deficient representation. The court also concluded that even if Laben had presented Williams' testimony at the hearing on the motion to suppress, there was "little likelihood" that such evidence would have changed the trial court's ruling on the motion. The court subsequently denied the petition for certification to appeal, and this appeal followed.

"A petitioner whose petition for certification to appeal has been denied can seek appellate review of the denial by satisfying the two-pronged test enunciated in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994), which requires the petitioner to show that the denial constituted an abuse of discretion and then to prove that the decision should be reversed on its merits. . . . To prove an abuse of discretion, the

did not make any findings in their regard. The petitioner did not challenge the correctness of this determination at trial and does not do so before this court.

petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Citation omitted; internal quotation marks omitted.) *Faraday* v. *Commissioner of Correction*, 107 Conn. App. 769, 772–73, 946 A.2d 891 (2008). In basic terms, a petitioner seeking to prevail on a habeas claim of ineffective assistance of counsel bears the burden of demonstrating that his counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defense. See *Cabral* v. *Commissioner of Correction*, 108 Conn. App. 1, 6–7, 946 A.2d 1278, cert. denied, 288 Conn. 915, 954 A.2d 183 (2008).

Here, the petitioner based his claim on the allegation that Laben chose not to investigate or to present the testimony of Williams. The court found that Laben credibly testified that he did not contact, interview or present Williams' testimony because the petitioner forbade him from speaking with her. On the basis of this factual determination, the court rejected the petitioner's claim that Laben provided inadequate representation. On appeal, the petitioner does not argue that the court's factual findings were clearly erroneous. Instead, the petitioner devotes much of his analysis to arguing that on the basis of his version of the facts, the court reached the wrong result.

"The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed unless they are clearly erroneous. . . . Thus, [t]his court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility

of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) Id., 8.

The court's findings of fact are not clearly erroneous; the findings are amply supported by Laben's testimony and the court's favorable assessment of that testimony. Contrary to the petitioner's view of the matter, the court found that Laben followed the petitioner's directive with regard to any evidence that could have come from the petitioner's siblings. To the limited degree that the petitioner proposes that Laben acted unreasonably by conducting the defense in accordance with this clear directive, the petitioner does not cite any relevant authority in support of that proposition.

The petitioner has failed to demonstrate that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised merit encouragement to proceed further. Accordingly, the petitioner has not demonstrated that the court abused its discretion in denying his petition for certification to appeal.

The appeal is dismissed.