JOEL CABAN *v.* COMMISSIONER OF CORRECTION
(AC 28095)

Bishop, Gruendel and Borden, Js.

Argued November 20, 2008—officially released March 17, 2009

*Deborah G. Stevenson,* special public defender, for the appellant (petitioner).

*Melissa L. Streeto,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Linda N. Howe,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

BORDEN, J. The petitioner, Joel Caban, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying the petition for certification and improperly concluded that the claim that his guilty plea was involuntary, due to the ineffective assistance of counsel and a defective

plea canvass, was procedurally defaulted. We affirm the judgment of the habeas court.

The petitioner was charged in a nine count information with four counts of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (1) (B) and (2) (C), two counts of conspiracy to commit kidnapping in the first degree in violation of General Statutes §§ 53a-48 (a), and 53a-92 (a) (1) (B) and (2) (C), two counts of unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a) and one count of criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c (a) (1). Initially, the petitioner entered a not guilty plea and elected a jury trial, which commenced before the court, *Thompson, J.* Prior to the state's finishing the presentation of its case-in-chief, the petitioner withdrew his not guilty plea and pleaded guilty before the court, *Fasano, J.*, under the *Alford* doctrine[1] to one count of kidnapping in the first degree and one count of criminal possession of a pistol. No sentencing recommendation was agreed on by the parties; the parties, however, agreed that the remaining charges would be eliminated and that Judge Thompson would impose the sentence. On May 10, 2002, Judge Thompson sentenced the petitioner to nine years incarceration and eight years special parole. The petitioner did not move to withdraw his plea or challenge it in a direct appeal.

As disclosed in the plea and sentencing proceedings, the following facts underlie the crimes of which the petitioner was convicted. Approximately one week prior to November 14, 2000, the petitioner learned that he had contracted a sexually transmitted disease.

[1] *"North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), holds that a criminal defendant need not admit guilt, but may consent to being punished as if he is guilty to avoid the risk of proceeding at trial." *State* v. *Sutton*, 95 Conn. App. 139, 140 n.1, 895 A.2d 805, cert. denied, 278 Conn. 920, 901 A.2d 45 (2006).

Angered by this news, the petitioner decided to confront the two women[2] he believed were responsible for giving him the disease and to make them pay for what they had done to him. On November 14, 2000, the petitioner telephoned one woman, who voluntarily went to the petitioner's apartment on Lombard Street in New Haven later that night. The petitioner, along with his friends, tracked down the second victim and forcibly brought her back to the petitioner's apartment.

The petitioner held both victims against their will in his apartment, demanding to know which one of them had given him the disease. He threatened the victims with bodily harm and displayed brass knuckles, a baseball bat, a knife and a loaded gun, which the petitioner told the victims he specifically had purchased for the individual who gave him the disease. When neither victim provided the petitioner with the information he was seeking, he decided to hold the victims overnight and to bring them to the Fair Haven Health Clinic (clinic) the next day to undergo testing for sexually transmitted diseases.

On the morning of November 15, 2000, the petitioner brought the two victims to the clinic. The intake nurse at the clinic noticed that the victims were crying, visibly upset and appeared afraid for their safety. While at the clinic, one of the victims devised a plan to alert the staff at the clinic of the victims' peril. She went to the restroom and wrote a note on a paper towel, indicating that she feared for her life, hid the note in her sock and then slipped it to one of the clinic's workers, who immediately contacted the police. Upon the realization that the police had been notified, the petitioner fled the scene. The petitioner subsequently was arrested.

---

[2] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victims or others through whom the victims' identities may be ascertained. See General Statutes § 54-86e.

The petitioner filed this amended petition for a writ of habeas corpus, claiming, in count one, that his trial counsel had rendered ineffective assistance[3] and, in count two, that his guilty plea was not made knowingly, intelligently and voluntarily because he was deprived of the effective assistance of counsel and the trial court failed to conduct a proper plea canvass.[4] The respondent, the commissioner of correction, in her return, raised the affirmative defense of procedural default pursuant to Practice Book § 23-30 (b)[5] as to count two. The petitioner did not file a reply to the respondent's return, pursuant to Practice Book § 23-31.[6]

[3] More specifically, the petitioner claimed that his trial counsel's representation was ineffective because: (1) counsel's advice to accept a plea agreement with no recommended sentence, instead of accepting a plea offer of seven years incarceration, resulted in the imposition of a longer sentence, (2) counsel failed to secure a cap on the sentence to be imposed and (3) counsel failed to apprise him of the possibility that he could be sentenced to a term of special parole. The habeas court rejected the first two claims on both factual and legal grounds, and the petitioner has not challenged those determinations in this appeal. The habeas court also rejected the third claim, which the petitioner does challenge on appeal. We will discuss that claim in this opinion.

[4] The respondent, the commissioner of correction, asserts that the petitioner did not plead ineffective assistance of counsel in the second count of his amended petition and that therefore, the count contained only a stand-alone claim of a defective plea canvass. The petitioner contends, to the contrary, that his claim of ineffectiveness of counsel was included in count two. Our examination of the petitioner's pretrial and posttrial briefs in the habeas court discloses that the respondent is correct, the petitioner presented count two as a stand-alone count alleging a defective plea canvass. Nonetheless, the court considered the petitioner's involuntary plea claim under count two to include both a claim of ineffective assistance of counsel and a claim that the trial court had provided an inadequate plea canvass. Because we ordinarily " 'review a case on the theory upon which it was decided in the trial court' "; *Imperial Casualty & Indemnity Co.* v. *State*, 246 Conn. 313, 320, 714 A.2d 1230 (1998); and because the habeas court read the petitioner's claim under count two to include an ineffective assistance of counsel claim, we do so as well.

[5] Practice Book § 23-30 (b) provides in relevant part: "The return shall respond to the allegations of the petition and shall allege any facts in support of any claim of procedural default . . . ."

[6] Practice Book § 23-31 provides: "(a) If the return alleges any defense or claim that the petitioner is not entitled to relief, and such allegations are not put in dispute by the petition, the petitioner shall file a reply.

After a two day trial, in which the petitioner, his trial counsel, the prosecutor in the underlying criminal case and the petitioner's father testified, the habeas court issued a memorandum of decision. In its memorandum of decision, the court concluded, as to the first count, that the petitioner's claims that trial counsel's performance was deficient; see footnote 3; failed pursuant to the principles of *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). More specifically, the court determined that as to the petitioner's claim that trial counsel's performance was deficient because he failed to apprise the petitioner of the possibility of special parole, "[e]ven if this is true, there was no evidence presented at the habeas trial to support a finding that the petitioner was prejudiced by such representation. . . . Nothing was offered by way of testimony or any other evidence that the petitioner would have abandoned his guilty plea and continued with his trial had he been told that his sentence could include a term of special parole. Additionally, the record before this court is devoid of any evidence that potentially could have changed the outcome of a trial, nor has the petitioner identified an affirmative defense which likely would have succeeded at trial. . . . [Therefore], the petitioner has failed to prove prejudice . . . ." (Citation omitted.)

The court next considered the petitioner's claim, under the second count, that his guilty plea was involuntary due to a defective plea canvass and the ineffective assistance of counsel, in that neither the trial court nor the petitioner's trial counsel advised him of the special

"(b) The reply shall admit or deny any allegations that the petitioner is not entitled to relief.

"(c) The reply shall allege any facts and assert any cause and prejudice claimed to permit review of any issues despite any claimed procedural default. The replay shall not restate the claims of the petition."

parole consequence of his guilty plea. The court determined that this claim was procedurally defaulted. The court stated: "[T]he petitioner failed to raise on direct appeal any issues concerning the validity of the plea canvass or the effectiveness of trial counsel with respect to his guilty plea. There is also no evidence in the record that the petitioner made any attempt to withdraw his guilty plea prior to sentencing. This claim has therefore been raised for the first time in the amended habeas petition. Nothing is alleged in the pleadings, nor was offered as evidence at the habeas trial, indicating the cause for the petitioner's failure to avail himself of these procedural vehicles. Consequently, the petitioner has failed to carry his burden of proving cause and prejudice. This court therefore finds the petitioner's claim regarding the voluntariness of his guilty plea to be procedurally defaulted." Accordingly, the court rendered judgment denying the petition for a writ of habeas corpus.

The petitioner filed a petition for certification to appeal from the denial of the petition for a writ of habeas corpus, which the court denied. This appeal followed.

As we read his brief, the petitioner does not challenge the court's conclusion on the first count, namely, that he failed to provide any evidence that he was prejudiced by his counsel's alleged deficient performance. We therefore do not consider this determination and confine ourselves to the petitioner's claim regarding the court's conclusion as to the second count.

As to the second count, the petitioner claims that the court abused its discretion in denying the petition for certification and improperly concluded that his claim relating to the voluntariness of his plea and ineffective assistance of counsel as to that count was procedurally defaulted. Specifically, the petitioner contends that

assistance of counsel and the plea canvass were inadequate in that neither his trial counsel nor Judge Fasano advised him of the possible consequences of his sentence including a term of special parole. We conclude that because the petitioner's claim under the second count of his petition rested, in part at least, on a claim of ineffective assistance of counsel; see footnote 3; the court improperly denied certification to appeal. We also conclude, however, that on the merits of the petitioner's claims, as to the second count, the court's rejection of those claims, on the basis of procedural default, should be affirmed partly on that ground and partly on an alternate ground.

We begin by setting forth the appropriate standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion." *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To prove an abuse of discretion, the petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id., 616. "If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." Id., 612.

Furthermore, generally, "[t]he appropriate standard for reviewability of habeas claims that were not properly raised at trial . . . or on direct appeal . . . because of a procedural default is the cause and prejudice standard. Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition.

. . . [T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance . . . ." (Citations omitted; internal quotation marks omitted.) *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 40, 779 A.2d 80 (2001). With this standard of review in mind, we first address the question of whether the court abused its discretion in denying certification to appeal. We conclude that it did abuse its discretion because it improperly determined, at least in part, that the petitioner's claims were procedurally defaulted.

Recently, our Supreme Court in *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 558, 941 A.2d 248 (2008),[7] addressed the issue of "whether a petitioner seeking a writ of habeas corpus who has not moved to withdraw his guilty plea . . . or challenged his plea on direct appeal, is procedurally defaulted from prevailing in a habeas action in which he claims that his trial counsel provided ineffective representation in connection with his plea." In holding that a claim of ineffective assistance of counsel relating to a guilty plea raised for the first time in a habeas petition is not barred by procedural default, the court reasoned that "[i]f a petitioner can prove that his attorney's performance fell below acceptable standards, and that, as a result, he was deprived of a fair trial or appeal, he will necessarily have established a basis for 'cause' and will invariably have demonstrated 'prejudice.' " Id., 570. Thus, the habeas court "need not apply the cause and prejudice test . . . in determining whether to grant the habeas petition because application of the two-pronged test in

---

[7] *Johnson* v. *Commissioner of Correction*, supra, 285 Conn. 556, was decided after both parties filed their briefs in this appeal. Prior to oral argument, the attorneys for both parties were asked to be prepared to address the impact that *Johnson* might have on this court's review of the petitioner's involuntary plea claim. We therefore apply the holding of *Johnson* to the facts of this case.

*Strickland*, as modified for guilty plea cases by *Hill* v. *Lockhart*, [supra, 474 U.S. 59], accomplishes the same result." *Johnson* v. *Commissioner of Correction*, supra, 571. Under *Johnson*, therefore, when a habeas petitioner alleges ineffective assistance of trial counsel in connection with his plea of guilty, his failure to move to withdraw his plea or to challenge his plea on direct appeal will not constitute procedural default. Consequently, the habeas court's conclusion, rendered prior to *Johnson*, that the second count was procedurally defaulted constituted an abuse of discretion, and, therefore, the petitioner has cleared the initial appellate hurdle under *Simms* v. *Warden*, supra, 230 Conn. 616. We therefore turn to the merits of the petitioner's claim.

The second count of the petition rests on two bases, namely, (1) the trial court's plea canvass was defective because it did not advise the petitioner of the possibility of special parole and (2) his trial counsel was ineffective because he did not advise the petitioner of that same possibility. Thus, the only thing that this count appears to add to the claim under the first count is the additional claim that the plea canvass was defective. Although, as we have explained, the habeas court improperly concluded that this claim was procedurally defaulted, we nonetheless affirm the habeas court's judgment in this regard on an alternate basis,[8] namely, that the petitioner did not establish that he was prejudiced by the alleged ineffectiveness of counsel.

"The standard of appellate review of habeas corpus proceedings is well settled. The underlying historical

---

[8] The respondent argues that we should not even consider the merits of this claim because the petitioner did not file a response to the respondent's pleading alleging procedural default, as required by our rules of practice. See Practice Book § 23-31. The respondent also argues that on the merits, the plea canvass was constitutionally adequate. We need not consider these claims of the respondent because we affirm the habeas court's judgment on other grounds.

facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . Whether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 285 Conn. 585, 597–98, 940 A.2d 789 (2008).

To the extent that the petitioner relies on the claim of a defective plea canvass in the trial court, untethered to his claim of ineffective assistance, the habeas court was correct in its conclusion that the claim is subject to procedural default. A claim of a defective plea canvass is precisely the type of claim that could have been, and should have been, raised either by way of a motion to withdraw the plea before sentencing or by way of a direct appeal. See, e.g., *Cobham* v. *Commissioner of Correction*, supra, 258 Conn. 39–40. The petitioner did neither and offers no evidence of cause for this procedural default.

To the extent that the petitioner relies on the claim that his trial counsel was ineffective because he did not advise the petitioner of the possibility of special parole, the claim is no more than a repetition of the claim under the first count, and it fails for the same reason that his identical claim failed under that count of the petition. "[T]he governing legal principles in cases involving claims of ineffective assistance of counsel arising in connection with guilty pleas are set forth in *Strickland* and *Hill*. In *Strickland* . . . the United States Supreme Court determined that [a claim of ineffective assistance of trial counsel] must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability

that the outcome of the proceedings would have been different had it not been for the deficient performance. *Strickland* v. *Washington,* supra, 466 U.S. 688, 694. The first prong requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. Id., 687. Under the test in *Hill,* in which the United States Supreme Court modified the prejudice prong of the *Strickland* test for claims of ineffective assistance when the conviction resulted from a guilty plea, the evidence must demonstrate that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial. *Hill* v. *Lockhart,* supra, 474 U.S. 59." (Emphasis in original; internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction,* supra, 285 Conn. 598.

The habeas court determined that the petitioner's claim that trial counsel's performance was deficient because he failed to apprise the petitioner of the possibility of special parole failed on the prejudice prong of the *Strickland-Hill* analysis, namely, that the petitioner failed to show that but for counsel's errors, he would have chosen to go to trial rather than accept the offered plea agreement. See *Hill* v. *Lockhart,* supra, 474 U.S. 59. After a thorough review of the record and transcripts, we conclude that the petitioner has not met this burden. The petitioner did not offer any evidence that he would have continued with his trial and not pleaded guilty had he been informed by trial counsel that his sentence could include a term of special parole. Thus, the petitioner's claim fails.

The petitioner's claim under the second count, therefore, consists of two meritless claims. He gains nothing by combining them.

The judgment is affirmed.

In this opinion the other judges concurred.