# CURTIS TUCK *v.* COMMISSIONER OF CORRECTION
## (AC 31046)

Lavine, Alvord and Bear, Js.

Submitted on briefs May 26—officially released August 10, 2010

*Michael Oh,* special public defender, filed a brief for the appellant (petitioner).

*David I. Cohen,* state's attorney, and *Rita M. Shair* and *Angela R. Macchiarulo,* senior assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

LAVINE, J. The petitioner, Curtis Tuck, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claims that his trial counsel, Lindy R. Urso, rendered ineffective assistance by failing to negotiate with the state for a plea offer of three to four years imprisonment. We dismiss the appeal.

The facts and procedural history surrounding the underlying conviction were set forth in the decision of this court affirming the petitioner's conviction; *State* v. *Tuck,* 90 Conn. App. 872, 879 A.2d 553 (2005); and in the habeas court's oral decision. On December 4, 2001, two police officers were dispatched to the Side By Side community school after a teacher had contacted the Norwalk police department because she had witnessed what she thought was a drug transaction near the school. Upon the officers' arrival, the teacher informed them of what she had observed and directed them to a house close to the school's property. At this house, the officers encountered the petitioner, who confessed to possessing two bags of heroin. The officers later discovered, pursuant to an inventory search, that the petitioner was in possession of an additional thirteen bags of heroin and $108. The petitioner was charged

with possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a) and possession of narcotics with intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b).

The petitioner was represented by Urso[1] following his arrest and during pretrial negotiations with assistant state's attorney Michael A. DeJoseph. During his representation of the petitioner, Urso filed several motions with the court concerning both the pending narcotics charges and charges stemming from the petitioner's violation of his probation for an earlier conviction of robbery in the first degree. Among the motions filed by Urso was a motion to suppress the bags of heroin found by the police and a motion for the petitioner to undergo evaluation and treatment pursuant to the Connecticut alcohol and drug abuse commission pretrial diversionary program.[2]

Urso and the petitioner engaged in substantive discussions concerning offers for entering a guilty plea to the various charges; however, none of the plea deals suggested by the state were acceptable to the petitioner. After the petitioner's motion to suppress was denied, the petitioner proceeded to trial and was convicted of both charges. On July 31, 2003, he was convicted of possession of narcotics with intent to sell and sentenced to nine years imprisonment with a six year period of special parole and convicted of possession of narcotics with intent to sell within 1500 feet of a school and sentenced to three years imprisonment. These sentences were to run consecutively to a previous sentence

---

[1] When Urso was appointed as the petitioner's counsel, he had been practicing law for six years, concentrating primarily on criminal defense. He also had handled approximately thirty narcotics cases in Norwalk at that point.

[2] The alcohol and drug abuse commission program is a statutory program that authorizes courts to order offenders who are drug or alcohol dependent into treatment in lieu of prosecution or incarceration. See General Statutes § 17a-695 et seq.

of four and one-half years imprisonment imposed by the court for violation of probation.

The petitioner appealed from his conviction, claiming that "the trial court improperly (1) denied his motion to suppress evidence . . . and (2) prohibited [him] from introducing evidence under General Statutes § 52-180, the business record exception to the hearsay rule." Id., 874. Both of these claims were rejected by this court.

The petitioner filed an amended petition for a writ of habeas corpus on April 11, 2008, in which he alleged that Urso rendered ineffective assistance of counsel. Specifically, the petitioner alleged that Urso failed to advise him of an offer of settlement that he would have accepted.[3]

On January 15, 2009, the habeas court conducted the first day of a two day hearing on the petition at which only the petitioner testified concerning, inter alia, negotiations to resolve the charges against him without trial. On April 1, 2009, the habeas court conducted the second day of the hearing at which Urso and DeJoseph testified on the same subject. On the first day of the hearing, the petitioner testified that after the motion to suppress the bags of heroin was denied, Urso told him that it was not possible to get another offer from the state and that the next step was to prepare for trial. The petitioner claimed that he did not want to go to trial due to the fact that the defense case was weak. Instead, he testified that he wanted to plead guilty and indicated that he had asked Urso if the case could be resolved without going to trial. He also testified that he had instructed Urso to try to make a deal for a "substantial

---

[3] The petitioner also alleged in his amended petition that Urso failed to advise him (1) of the elements of the crime for which he went to trial and (2) not to continue the trial process once the motion to suppress had been denied. These claims were not pursued by the petitioner on appeal and therefore are deemed abandoned.

offer" which he wanted to be "somewhere around" three to four years imprisonment. Finally, the petitioner claimed that DeJoseph had made an offer of three years imprisonment directly to him right before the trial started.

In contrast to the petitioner's testimony, Urso testified that the petitioner was adamant about not pleading guilty to any offense that involved a period of incarceration in excess of eighteen months. He also claimed that he had continued to negotiate with the state for a plea offer, even during trial, but was never able to obtain one. According to Urso, the petitioner made the final decision to go to trial notwithstanding Urso's recommendation that he accept a plea, and despite being told that the opportunity for treatment, rather than imprisonment, had passed.

Following the habeas trial, the court issued an oral decision in which it denied the petition for a writ of habeas corpus. The court credited the testimony of the petitioner that he was not willing to take any plea agreement pursuant to which the period of incarceration exceeded three or four years; however, the court additionally credited the testimony of Urso that the petitioner told Urso that the longest sentence he wanted to serve was eighteen months. Additionally, the court found that Urso had attempted to renew plea negotiations without success even after the motion to suppress was denied and that it was the petitioner who had insisted on going to trial rather than accept a plea offer from the state. Ultimately, the court concluded that "[i]nasmuch as the petitioner is required to prove deficient performance and prejudice, the court finds that Mr. Urso's performance was anything but deficient. The court finds that his representation was diligent and in good faith and, more to the point, in no way constitutes ineffective assistance of counsel in any of the specifics pleaded in this petition for a writ of habeas corpus."

The court denied the petition for certification to appeal from the denial of the petition for a writ of habeas corpus on April 20, 2009. This appeal followed.

"We set forth the appropriate standard of review. Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To prove an abuse of discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Id., 616. If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. Id., 612." (Internal quotation marks omitted.) *Lewis* v. *Commissioner of Correction*, 116 Conn. App. 400, 404, 975 A.2d 740, cert. denied, 294 Conn. 908, 982 A.2d 1082 (2009).

"To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied. . . . It is well settled that [a] reviewing court can find against a petitioner on *either* ground, whichever is easier." (Citations omitted;

emphasis in original; internal quotation marks omitted.) *Small* v. *Commissioner of Correction,* 286 Conn. 707, 712–13, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz,* 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008).

On appeal, the petitioner asserts that Urso provided ineffective assistance by failing to seek a three to four year offer during his plea negotiations with the state. The respondent, the commissioner of correction, correctly points out that this claim was not explicitly raised in the petitioner's amended petition for a writ of habeas corpus and argues that the claim cannot be reviewed by this court. Although the petitioner did not plead this claim, evidence pertaining to it was presented during the habeas trial, and the court made findings on it in its decision.[4] Therefore, we will review the claim.

"The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed unless they are clearly erroneous . . . . Thus, [t]his court does not retry the case or evaluate the credibility of the witnesses . . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Douros* v. *Commissioner of Correction,* 111 Conn. App. 525, 528–29, 959 A.2d 1041 (2008).

We view the petitioner's claim that Urso failed to seek a plea offer of three to four years from the state through the lens of the first prong of the *Strickland* test. To establish that Urso's performance was deficient, the petitioner must demonstrate that the failure to seek

---

[4] Furthermore, no objection was raised by the respondent during the hearings when evidence was presented on this issue.

a plea offer of three to four years amounted to Urso's "not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment." (Internal quotation marks omitted.) *Small* v. *Commissioner of Correction*, supra, 286 Conn. 713. The petitioner's testimony at the habeas hearing is the only evidence that supports such an assertion. Specifically, the petitioner's testimony is the only evidence that he was willing to accept a plea offer of three to four years imprisonment when he instructed Urso to seek an offer from the state. His testimony is also the only evidence that such an offer may have been considered by the state during plea negotiations.

The habeas court is the arbiter of witness credibility. The court found that the petitioner was adamant about not accepting a plea for a term of imprisonment in excess of eighteen months and that Urso continued to seek an acceptable offer from the state following the denial of the motion to suppress and during trial. It also found that the petitioner made the decision to proceed to trial despite the likelihood of conviction. The court credited Urso's testimony on both of these issues. Furthermore, DeJoseph testified that he was not willing to extend a plea offer for three or four years imprisonment. Instead, the lowest term of imprisonment DeJoseph testified that he was willing to offer was six years, and he did not recall ever offering a deal involving a five year term of imprisonment. The court made no specific finding as to whether the state ever made a five year offer as opposed to a six year offer, but it did find that it was clear from the testimony of Urso and DeJoseph that no offers were made in the range of a term of three to four years imprisonment at any time. Acceptance of the petitioner's claim would require us to ignore the habeas court's evaluation of witness credibility. This we cannot do.

Accordingly, we conclude that the petitioner has not shown that the issue raised with regard to the court's

denial of his petition for a writ of habeas corpus is debatable among jurists of reason, that a court could resolve the issue in a different manner or that the question raised deserves encouragement to proceed further. Therefore, the petitioner has failed to demonstrate that the court's denial of his petition for certification to appeal relative to his ineffective assistance of counsel claim reflects an abuse of discretion.

The appeal is dismissed.

In this opinion the other judges concurred.