## DEAN B. HOLLIDAY *v.* COMMISSIONER OF CORRECTION
### (AC 31819)

Lavine, Robinson and Bishop, Js.

Argued November 30, 2011—officially released January 10, 2012

*Dean B. Holliday,* pro se, the appellant (petitioner).

*Denise B. Smoker,* senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy,* state's attorney, and *Erika Brookman,* assistant state's attorney, for the appellee (respondent).

PER CURIAM. The self-represented petitioner,[1] Dean B. Holliday, appeals after the habeas court denied his petition for certification to appeal from the denial of his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court (1) abused its discretion by denying his petition for certification to appeal, (2) improperly denied his petition for a writ of habeas corpus, (3) abused its discretion by denying his request for a handwriting expert and (4) denied his right to confrontation and compulsory process in failing to compel a witness to appear pursuant to subpoena. We dismiss the appeal.

The petitioner was convicted, following a jury trial, of "attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (2), conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (2), and attempt to commit robbery in the second degree in violation of General Statutes §§ 53a-49 and 53a-135 (a) (1)." *State* v. *Holliday*, 85 Conn. App. 242, 243, 856 A.2d 1041, cert. denied, 271 Conn. 945, 861 A.2d 1178 (2004). The petitioner was sentenced to twenty-five years in the custody of the respondent, the commissioner of correction.[2] The petitioner's conviction was upheld on appeal to this court. Id., 264. In his petition for a writ of habeas corpus filed on May 5, 2009, the petitioner alleged ineffective assistance of trial counsel and ineffective assistance of appellate counsel.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate

---

[1] The petitioner represented himself at the habeas trial with the assistance of standby counsel.

[2] The trial court initially sentenced the petitioner to forty years in prison. The petitioner sought review of his sentence, and the sentence review division recommended an effective sentence of twenty-five years with a mandatory period of five years incarceration.

that the habeas court's ruling constituted an abuse of discretion. *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To prove an abuse of discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Id., 616." (Internal quotation marks omitted.) *Lewis* v. *Commissioner of Correction*, 116 Conn. App. 400, 404, 975 A.2d 740, cert. denied, 294 Conn. 908, 982 A.2d 1082 (2009).

"The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed unless they are clearly erroneous. . . . Thus, [t]his court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Douros* v. *Commissioner of Correction*, 111 Conn. App. 525, 528–29, 959 A.2d 1041 (2008).

Our review of the habeas court's detailed oral memorandum of decision discloses that the court made a number of credibility determinations that were adverse to the petitioner. Specifically, the court found the testimony of the petitioner's trial counsel more credible than that of the petitioner, particularly with regard to pretrial plea offers, advisement of the maximum sentence to which the petitioner was exposed and whether the petitioner at the time of trial told counsel that he believed his signature had been forged on the statement he gave the police.[3] With regard to the assistance provided the petitioner by his trial and appellate counsel,

---

[3] At trial, counsel filed a motion to suppress the petitioner's statement. The issue raised by the motion, however, was whether the petitioner gave

the court found the petitioner's counsel more credible than the petitioner's expert witnesses, who provided "an analysis toward finding fault after the fact . . . ." See *Grant* v. *Commissioner of Correction*, 121 Conn. App. 295, 304, 995 A.2d 641 (eliminate distorting effects of hindsight), cert. denied, 297 Conn. 920, 996 A.2d 1192 (2010). The court stated, "[w]hat is important is what the attorney knew at the time he knew it and the judgment he made with the information he knew or reasonably should have known."

As to the petitioner's claims that the habeas court failed to compel the testimony of certain witnesses, our review of the record supports the court's finding that there was no evidence that the testimony of those individuals would have been exculpatory or changed the outcome of trial. See *Caban* v. *Commissioner of Correction*, 113 Conn. App. 165, 170, 965 A.2d 601 (record devoid of evidence that could have changed outcome of trial), cert. denied, 292 Conn. 901, 971 A.2d 40 (2009). The court found that a report prepared by the Department of Veterans Administration was not in possession of the state or trial counsel at trial. The petitioner obtained it in 2005 pursuant to a freedom of information request. See 5 U.S.C. § 552 (b) (7) (C). As to compelling Gregory Augustine, a Veterans Administration detective, to testify, any testimony he might have offered was irrelevant, collateral and hearsay.

On July 8, 2009, the petitioner filed a motion for the appointment of a handwriting expert. The court heard the motion on July 14, 2009, and declined to rule on the midtrial request to avoid tainting its consideration of trial evidence. The court ordered that the motion be calendared and heard by another court before the

the statement voluntarily, not whether the signature was fraudulent. The petitioner never brought the issue of his signature to the attention of trial counsel.

habeas trial reconvened on October 30, 2009. The record before us does not reveal that the motion was ruled on. The appellant bears the responsibility for providing this court with an adequate record for review. See Practice Book § 61-10. The petitioner has not met his burden, as the record is inadequate for our review. See also footnote 3 of this opinion. We conclude therefore that the court did not abuse its discretion in denying certification to appeal.

The appeal is dismissed.